# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-40830
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

MARVIN ALBRO

                    Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CR-25-1

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marvin Albro appeals his conviction for being a felon in possession of a firearm and for possession with intent to distribute five grams or more of crack cocaine. Albro was sentenced to a term of imprisonment of 360 months on each count, the terms to run concurrently.

Albro argues that he was denied the effective assistance of trial counsel because counsel exhibited a conflict of interest in engaging in an ex parte conference with the district court relative to Albro's decision not to testify at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial. He further argues that counsel was ineffective in failing to seek a continuance when defense witnesses did not appear at trial. Albro asserts that counsel advised the witnesses that they did not have to appear.

"The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). This court will consider claims of inadequate representation on direct appeal only in rare cases where the record is sufficiently developed to allow a fair evaluation of the merits of the claim. Id. at 314. If the claims cannot be fairly evaluated on the record, the court will decline to review the issue without prejudice to the defendant's right to raise it in a later proceeding. See United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert. denied, 129 S. Ct. 159 (2008).

Albro's claims of ineffective assistance of counsel were not sufficiently developed in the district court and were not specifically addressed by the district court. The court declines to address these ineffective assistance claims on direct appeal, without prejudice to Albro's right to raise them in a 28 U.S.C. § 2255 motion. See United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006).

Albro's conviction is AFFIRMED.